UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 06-CV-3024 (JFB)

———————————

ESTATE EXAMINATIONS CO., INC.,

Plaintiff,

VERSUS

ECG ENTERPRISES, INC.,

Defendant.

———————————

MEMORANDUM AND ORDER
November 7, 2006

———————————

JOSEPH F. BIANCO, District Judge:

The above entitled action was removed from state court by defendant ECG Enterprises, Inc. Plaintiff Estate Examinations Co., Inc. moves to remand the action back to state court. For the reasons that follow, plaintiff's motion is granted and the case is remanded back to state court.

I. BACKGROUND

A. Factual Background

The following brief set of facts are taken from the Complaint. The parties entered into a Consulting Agreement, effective July 1, 2001. (Compl., Ex. 1.) Plaintiff invented a system for Title Searching and sought defendant as a programmer. (Compl. ¶ 13.) Pursuant to the Consulting Agreement, defendant was to "[c]omputerize an existing Title Search System" in exchange for a fee of $500 per month, for which defendant was paid $19,000 from July 1, 2001 through August 2004. (Compl. ¶¶ 1, 13, Ex. 1.) Defendant was engaged as an independent contractor; defendant was not an employee of plaintiff. (Compl., Ex. 1.) The Consulting Agreement further provided that "[defendant] does not personally hold any interest in any Intellectual Property." (*Id*.) Plaintiff provided detailed specifications to the defendant so that the defendant could create a source code for the operation of the computer-based system that enabled the gathering of relevant information that the plaintiff had conceived. (Compl. ¶ 6.) That source code was compiled, the object code was created, and the installation on plaintiff's equipment of the object code

occurred. (*Id.*) According to the complaint, the Consulting Agreement was terminated, either by the explicit terms of the Consulting Agreement in August 2004, or at the latest, via written Notice of Termination, on or about June 1, 2006. (Compl. ¶¶ 1, 6 Ex. 2.) The Complaint alleges that, after the termination of the Consulting Agreement, defendant did not return any of plaintiff's "records, notes data, memoranda, models, and equipment," including the source code. (Compl. ¶ 1.) According to the complaint, plaintiff only recently became aware of the existence of the source code at issue in this case. (Pl. Compl. ¶ 7.) Plaintiff argues that the source code is "critical to the replication and modification of plaintiff's invention" and that "[p]laintiff specified, modified, and supervised the creation of the source code to satisfy the Title Search industry[,] . . . paid for the same, but has not received the same." (*Id.* ¶¶ 6, 7.) Plaintiff seeks specific performance of the contract and damages and injunctive relief[1] for the breach of contract. (*Id.* ¶¶ 17-23.)

B. Procedural Background

Plaintiff filed the present action on June 9, 2006, in the Supreme Court of the State of New York, Suffolk County, alleging breach of contract and seeking return of the source code developed by defendant. On June 19, 2006, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441, alleging original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

On June 29, 2006, defendant filed its answer and counterclaims against plaintiff, alleging the existence of copyright registrations and alleging copyright infringement by plaintiff. Plaintiff now seeks to remand the case back to state court.

II. DISCUSSION

A. Plaintiff's Claims Do Not Require Application of Federal Law

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1338, "District courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

"The presence or absence of federal-question jurisdiction [under § 1331] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Thus "[t]he 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. General Motors Corp.*, 481 U.S. 58, 63 (1987). Pursuant to this rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the

---

[1] *See infra,* fn. 2 discussing plaintiff's demand for injunctive relief.

2

basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. April 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Accordingly, the burden is on the defendant to establish federal jurisdiction. Further, "[t]he removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved against removal." *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Defendant argues that plaintiff has no claim for the computer source code pursuant to the Consulting Agreement and claims that it performed its services under the Consulting Agreement as an independent contractor. Defendant further asserts that it obtained copyright registrations for the source code. (Decl. of Thomas J. Fitzgerald in Support of Def.'s Opp. to Pl.'s Mot. to Remand., Ex. A.) In its counterclaim, defendant alleges that plaintiff has or is about to make changes to defendant's computer source code, and has or is about to make copies of the computer source code, and that such actions constitute copyright infringement.

Here, the fact that defendant alleges a counterclaim of copyright infringement is insufficient to establish federal jurisdiction. As the Supreme Court stated, "[a]llowing a counterclaim to establish 'arising under' jurisdiction . . . would leave the acceptance or rejection of a state forum to the master of the counterclaim . . . [and] would radically expand the class of removable cases, contrary to the due regard for the rightful independence of state governments that our cases addressing removal require." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831-32 (2002) (internal citations and quotations omitted). In *Holmes Group*, the Supreme Court "decline[d] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded complaint-*or-counterclaim* rule.'" *Id*. at 832.

However, a court *will* have original jurisdiction pursuant to 28 U.S.C. § 1338(a) if plaintiff's complaint, *properly* construed, arises under the Copyright Act. A suit arises under the Copyright Act if it is for a remedy expressly granted by the Copyright Act *or* if the complaint asserts a claim that requires construction of the Copyright Act. *Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343, 349 (2d Cir. 2000). Defendant argues that, though plaintiff's claims are couched as a breach of contract, this case arises under the Copyright Act because plaintiff seeks a declaration of ownership of a source code for software that was written by defendant and that, according to defendant, has a copyright registration.

"Whether a complaint asserting factually related copyright and contract claims 'arises under' the federal copyright laws for purposes of Section 1338(a) 'poses among the knottiest procedural problems in copyright jurisprudence.'" *Bassett*, 204 F.3d at 347 (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.01[A], at 12-4 (1999)). The Second Circuit has made clear that "the fact that a case concerns a copyright does not necessarily mean that it is within the jurisdiction of a federal district

3

court." *Jasper v. Bovina Music*, 314 F.3d 42, 46 (2d Cir. 2002); *see also T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964) ("[T]he federal grant of a . . . copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or ordinary principles of contract law."). In particular, the Second Circuit stated that, "if the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and, unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking, in the absence of diversity jurisdiction." *Jasper*, 314 F.3d at 46.

Here, defendant argues that the complaint necessarily requires construction of the Copyright Act with respect to issues of authorship. Defendant argues that, because plaintiff alleges that the work at issue was performed with plaintiff's "specifications and supervision," it was done as a "work made for hire" which has specific meaning under the Copyright Act and thereby raises a federal question. *See Barnhart v. Federated Department Stores, Inc.*, No. 04-CV-3668 (JGK), 2005 WL 549712, at *4 (S.D.N.Y. March 8, 2005) (denying motion to remand where the complaint alleged that "'the Songs are not works for hire,' a conclusion that would require the interpretation of the term 'works-for-hire' and its corresponding provisions under the Copyright Act."). In each of the cases cited by defendant regarding the interpretation of the "work-for-hire" doctrine, however, plaintiff's status as an author of the work was at issue. *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996) (finding subject matter jurisdiction where plaintiffs claimed copyright co-ownership based on their co-authorship of the work); *Barnhart*, 2005 WL 549712, at *4 ("plaintiff's status as the author of the Songs is central to his claim of fraud"); *Cuisinarts Corp. v. Appliance Science Corp*., No. 91-CV-445 (WWE), 1991 WL 329470, at *2 (D. Conn. Oct. 31, 1991) ("Pursuant to federal copyright law, title to a work initially resides in the co-authors. Thus, there is a question as to whether Cuisinarts even has any rights in the coffeemaker design."). Here, though the facts alleged in the complaint state that the source code was created as a "work made for hire," plaintiff argues that it is entitled to the source code *under the contract*, not as a co-author or co-owner under the "work for hire" doctrine. Though plaintiff could have asserted an argument that it is entitled to ownership based on the "work for hire" doctrine, plaintiff instead relies exclusively on the contract in an effort to establish ownership. Defendant disputes that plaintiff is entitled to the source code under the contract and, instead, claims it delivered the software to plaintiff, fully performed its obligations under the Consulting Agreement and that "nothing in the Consulting Agreement states that [defendant] was to give [plaintiff] the source code for the Software." (Def.'s Mem. at 3.)

Based upon a review of the pleadings, the Court remains unconvinced that the resolution of this disputed breach of contract requires interpretation of the work for hire doctrine. That defendant may want to argue that the source code was *not* a "work for hire" as defined by the Copyright Act in attempting to establish *its* ownership of the code under the Copyright Act is insufficient to raise a federal question as to *plaintiff's* breach of contract claims.

Despite defendant's arguments to the contrary, the dispute in this case centers around the Consulting Agreement and what

plaintiff is entitled to under that agreement. Where disputes arise under an agreement between parties, resolution depends on state contract law, not the Copyright Act. *See Merchant*, 92 F.3d at 55 ("Unlike a case where a dispute as to copyright ownership arises under an agreement between the parties, resolution of which depends on state contract law, copyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself.") (internal citation omitted). The determination of whether plaintiff is entitled to the source code centers on an interpretation of the Consulting Agreement, regardless of whether the source code is copyright registered or not. Accordingly, plaintiff is seeking interpretation and enforcement of a contract - a matter of state contract law. If defendant wishes to make a claim of copyright infringement against plaintiff, defendant may do so as a counterclaim in the state court action or may file a separate suit in federal court alleging copyright infringement under the Copyright Act. Defendant may not, however, force plaintiff to litigate its breach of contract claim in federal court by attempting to twist an issue of pure contract law into one that arises under the Copyright Act. *See Keith v. Scruggs*, 507 F. Supp. 968, 970 (S.D.N.Y. 1981) ("That questions of copyright law may arise does not *ipso facto* create federal jurisdiction. *See* 3 Nimmer on Copyright § 1201(A) (1980). . . . [T]o the extent that these issues anticipate possible defenses (such as the fact that [defendant] claims [plaintiff] was paid for his contribution, and was, therefore, a worker for hire), they cannot be relied upon to establish a federal question.").

B. Plaintiffs Contract Claims Are Not Preempted by the Copyright Act

Defendant also contends that plaintiff's breach of contract claims are preempted by the Copyright Act. The Court disagrees. "State law breach of contract claims are 'generally *not* preempted by the Copyright Act,' so long as the claim is 'based on allegations of a contractual right not existing under copyright law.'" *Sharp v. Patterson*, No. 03-CV-8772, 2004 WL 2480426, at *7 (S.D.N.Y. Nov. 3, 2004) (quoting *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-0604 (CSH), 2004 WL 1781009, at *18 (Aug. 10, 2004)). "While a copyright is a right against the world, contracts generally only affect their parties, and so do not create 'exclusive rights.'" *Logicom Inclusive*, 2004 WL 1781009 at *18 (quoting *Torah Soft Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 717 (S.D.N.Y. 2002)). Here, plaintiff alleges that defendant breached a written contract between the parties, and plaintiff is seeking only what it allegedly paid for under that contract. In short, plaintiff seeks a judgment requiring defendant to perform its obligations under the contract; plaintiff is not alleging that defendant engaged in unauthorized reproduction or distribution of the source code, nor is plaintiff arguing that its status as an author entitles plaintiff to ownership.[2]

---

[2] Plaintiff's complaint also sought injunctive relief due to a concern by plaintiff that there was an imminent threat of loss of the source code at issue. (Compl. ¶¶ 21-23.) The Court believes this claim was mooted by the parties' execution of a Confidentiality and Protective Order which was so ordered by this Court on June 28, 2006 and allowed plaintiff's counsel to preserve a verified copy of the source code. (Docket Entry #9.) However, to the extent injunctive relief is still sought, it does not change this Court's holding

5

Accordingly, plaintiff's breach of contract claim is not preempted by the Copyright Act because plaintiff's claim is qualitatively different from a copyright infringement claim.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED. This case is remanded to the New York State Supreme Court, County of Suffolk.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 7, 2006
Central Islip, New York

\* \* \*

The attorney for the plaintiff is Mitchell A. Stein, Esq., Stein Law, P.C., 24 Woodbine Avenue, Suite 4, Northport, New York 11768. The attorneys for the defendant are Charles W. Grimes, Esq., Edmund J. Ferdinand, III, Esq., Susan M. Schlesinger, Esq., and Thomas J. Fitzgerald, Esq. of Grimes & Battersby, LLP, 405 Lexington Avenue, 26th Floor, New York, New York 10174.

---

that plaintiff's claims are not preempted by the Copyright Act. "The fact that the complaint contains a demand for damages as well as injunctive relief does not bring the case within the removal act." *Big Apple Supermarkets, Inc. v. Dutto,* 237 F. Supp. 774, 776 (E.D.N.Y. 1965). Plaintiff is not seeking injunctive relief under the Copyright Act; rather, it merely seeks injunctive relief in the form of specific performance under the contract by requesting the "return of the source code" or by "plac[ing] [it] within the constraints of a source code escrow company . . . [such that] the source code can be maintained until the case is resolved," in light of imminent health concerns of the source code's holder. (Compl. ¶ 23.) Accordingly, the Court is not persuaded that such relief brings the complaint within the scope of the Copyright Act.